IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ORLANDO ALMOND,

    Plaintiff,

v.                                                Civil Action 3:08cv138

JAMES M. SISK,

    Defendant.

## MEMORANDUM OPINION

Plaintiff Orlando Almond, a Virginia state inmate proceeding *pro se*, filed a Complaint pursuant to 42 U.S.C. § 1983. The Complaint asserts that Defendant James Sisk misapplied Almond's suspended sentence time, resulting in denial of parole eligibility, in violation of the Due Process and Equal Protection Clauses[1] of the Constitution of the United States. He seeks relief in the form of an injunction requiring the Virginia Department of Corrections ("VDOC") to recalculate his sentence so that he is eligible for parole for offenses prior to January 1, 1995. He also seeks $25,000 in damages. Defendant asserts that Plaintiff's claims are time barred.[2] For the reasons stated below, the motion to dismiss will be GRANTED.

---

[1] U.S. Const. amend. XIV, § 1 ("No State shall . . . deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction equal protection of the laws.").

[2] Defendant also argues that Almond brings this claim under 42 U.S.C. § 1983 inappropriately. Defendant reasons that, because Almond's claim is barred under § 1983, it should be brought under 28 U.S.C. § 2254.

## I. Motion to Dismiss Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. It does not resolve issues of fact, merit, or the availability of various defenses. *See Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded complaint is taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require [] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him [or her] to relief." *Conley*, 355 U.S. at 45-46. In *Bell Atlantic Corp.*, the Supreme Court noted that the complaint need not assert "detailed factual allegations," but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp.*, 550 U.S. at 555 (citations omitted). Thus the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* (citation omitted), to one that is "plausible on its face," *id.* at 570, rather than "conceivable." *Id.* Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*,

2

324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. Facts

Almond challenges VDOC's execution of his sentence. On May 26, 1999, the Circuit Court of Virginia Beach (the "Circuit Court") convicted Almond of the following crimes, some of which occurred on unspecified dates over a several-year period:

1. Four counts of indecent liberties, in violation of Va. Code Ann. § 18.2-370.1, occurring between May 1, 1994, and June 1, 1998. The Circuit Court imposed a total sentence of 12 years, 3 years for each charge.

2. Two counts of crimes against nature, in violation of Va. Code Ann. § 18.2-361, occurring between May 1, 1994, and June 1, 1997. The Circuit Court imposed a total sentence of 16 years, 8 years for each charge.

3. One count of rape, in violation of Va. Code Ann. § 18.2-61, occurring between February 1, 1998, and April 30, 1998. The Circuit Court imposed a sentence of 20 years.

4. Incest of a child age 13 - 15, in violation of Va. Code Ann. § 18.2-366, occurring between February 1, 1998, and April 30, 1998. The Circuit Court imposed a sentence of 10 years.

(Br. Supp. Mot. Dismiss Ex. II, Sentencing Order.) (Docket No. 12.) Almond's convictions resulted in an aggregate sentence of 58 years, with 35 years suspended. The Circuit Court did not specify how the suspended sentence should be credited. On August 5, 1999, Almond initiated

3

correspondence with his counsel regarding the breakdown of his sentence credits and his eligibility for parole. (Pet. Ex. 1.) On February 8, 2000, VDOC received Almond into custody for service of his sentence. A legal update from VDOC dated March 10, 2000, informed Almond of his sentence calculation and anticipated release date. (Pet. Ex. 4.) On December 24, 2002, through counsel, Almond inquired about VDOC's procedure for assessing which sentence would be suspended. (Pet. Ex. 3(a).) On January 7, 2003,[3] Defendant wrote a letter to Almond explaining the breakdown of his sentence calculation. (Pet. Ex. 3(b).) The record shows that VDOC suspended all or part of each sentence except the sentence for rape, as follows:

    1. Indecent liberties (May 1, 1994, to June 1, 1998) – all 12 years suspended.

    2. Crimes against nature (May 1, 1994, to June 1, 1997) – all 16 years suspended.

    3. Rape (February 1, 1998, to April 30, 1998) – no suspension of 20 year sentence.

    4. Incest (February 1, 1998, to April 30, 1998) – 10 years imposed, 7 were suspended.

(Pet. Ex. 4.)

### III. Claims for § 1983 Relief

Almond claims entitlement to relief for lack of Due Process and a violation of Equal Protection. Specifically, Almond asserts that VDOC's application of his suspended sentence time deprived him of parole eligibility for convictions on offenses that he alleges occurred before 1995. Almond prefers that less suspended time be applied to his charges for indecent liberties and crimes against nature for which he believes he is parole-eligible, and more suspended time

---

[3] The Court takes notice of a mistaken date on the January 7, 2003 letter from James Sisk to Sheldon Worrell, Jr., counsel for Plaintiff. The letter responds to Worrell's December 24, 2002 correspondence, so it could not be dated "January 7, 2002."

be applied to his rape and incest charges, for which he is not parole eligible. On March 3, 2008, Almond filed a complaint under 42 U.S.C. § 1983, requesting the following relief:

> One: An injunction "correcting my time calculation; [and] grant[ing] me parole eligibility for all the charges occuring before 1-1-95 . . . ."
>
> Two: Damages of $25,000.00 for denial of parole eligibility "on the 6 charges that occured prior to 1-1-95 due to the mis calculation of time by the Department of Corrections."

(Pet. 5. (Capitalization corrected).)

### IV. Defendant's Motion to Dismiss and Plaintiff's Response

Defendant contends, *inter alia*, that the statute of limitations bars Almond's claims. In response, Plaintiff submitted a "Motion to Proceed." (Docket No. 15.) Within his "Motion to Proceed," Plaintiff responds to various defenses Defendant raised in his motion to dismiss. Because the Court dismisses the action on the grounds that it is barred by the statute of limitations, the Court need not address Defendant's other defenses or Plaintiff's responses thereto.

Plaintiff also includes two requests within his Motion to Proceed. First, Plaintiff seeks an oral hearing. The parties have filed memoranda of law in support of their respective positions. The Court will deny the request for a hearing because the facts and legal contentions are adequately presented in the materials presently before the Court and argument would not aid in the decisional process. *See* Fed. R. Civ. P. 78; E.D. Va. Loc. Civ. R. 7(J). Second, Plaintiff has moved for the appointment of counsel. In cases under 42 U.S.C. § 1983, the Court need not appoint counsel unless the case presents complex issues or exceptional circumstances. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984). It appears that neither the issues involved are so complex nor the circumstances so exceptional as to warrant the appointment of counsel.

Furthermore, Plaintiff's submissions reflect that he is able to represent himself at this juncture. Accordingly, because is not entitled to the relief he seeks, Plaintiff's "Motion to Proceed" (Docket No. 15) and motion for the appointment of counsel (Docket No. 17) will be DENIED.

## V. Discussion

### A. The Statute of Limitations Bars Almond's Complaint

Although 42 U.S.C. § 1983 does not state a statute of limitations, the Supreme Court of the United States mandates applying Virginia's general personal injury statute of limitations to § 1983 claims in this circumstance. *Owens v. Okure*, 488 U.S. 235, 236 (1989). Almond argues that he does not assert a personal injury claim. (*See* Pl.'s Br. Opp'n Mot. Dismiss ¶ (2)B.) However, Almond misconstrues the meaning of personal injury as limited to physical injuries. Contrary to Almond's understanding, the Supreme Court has found that inmates alleging Constitutional violations under § 1983 place a type of personal injury before the court and, therefore, the general personal injury statute of limitations in the state of alleged injury applies. *See Owens*, 488 U.S. at 236; *Wilson v. Garcia*, 471 U.S. 261, 275-276 (1985). The statute of limitations for general personal injury claims filed in Virginia gives courts jurisdiction over claims filed within two years of accrual. *See* Va. Code Ann. § 8.01-243(A). Therefore, Almond must have filed his complaint concerning ineligibility for parole within two years of its accrual.

Determining when a complaint accrues is a matter of federal law. *See Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995); *Cox v. Stanton*, 529 F.2d 47, 50 (4th Cir. 1975). A claim accrues when the plaintiff becomes aware of his or her injury, *United States v. Kubrick*, 444 U.S. 111, 123 (1979), or when he or she "is put on notice . . . to make reasonable inquiry" as to whether a claim exists. *Nasim*, 64 F.3d at 955. Accordingly, the Court must

determine when Almond became aware or was on notice that he was not eligible for parole. *See Liverman v. Johnson*, No. 3:07cv344, 2008 WL 2397544 (E.D. Va. June 12, 2008) (*citing Brown v. Ga. Bd. Of Pardons & Paroles*, 335 F.3d 1259, 1261-61 (11th Cir., 2003) (holding that the statute of limitations begins to run when the facts supporting a cause of action are apparent or should be apparent to the reasonably prudent person.)

The record shows that on August 5, 1999, Almond inquired about VDOC's execution of his sentence. (Pet. Ex. 1.) In a letter dated August 12, 1999, Almond's counsel wrote Almond "to acknowledge receipt of your August 5, 1999 letter" and assured him of a forthcoming "Motion for Sentence Reduction" seeking parole eligibility for pre-1995 charges. *Id.* Nothing in the record reflects whether such a motion was filed or adjudicated. Subsequently, on December 24, 2002, an attorney acting on Almond's behalf wrote to VDOC requesting an explanation of the "procedure DOC uses when they break down a sentence . . . ." (Pet. Ex. 3(A).)

Even if Almond did not have full notice of his claim regarding the execution of his sentence via the December 24, 2002 letter written by his attorney, he certainly knew of his claim when VDOC's January 7, 2003 response indicated the allocation of sentences would not change. (Pet. Ex. 3(A).) The December 24, 2002 letter shows that, by that date, Almost understood that by allocating all of his suspended sentence to offenses that possibly occurred before 1995, the VDOC had effectively rendered him ineligible for parole on his active term of imprisonment:

> I am enclosing a copy of the Court order from Virginia Beach Circuit Court. Please note that the Virginia Beach sentencing order does not provide a breakdown as to how much time is given on each charge and how much of that time is suspended. Looking at the legal update of March 10, 2000 it appears that the Department of Corrections has elected to break the sentence down in such a way as to give Mr. Almond all of his active sentence served on the two charges that clearly

are charges with no parole. The six charges occurring possibly under the old law are shown as all suspended time.

*Id.* In that same letter, VDOC explained that "suspensions are determined only by the listing of the ordered sentences. Since the offenses are determined to be parole ineligible by last range date, the active sentence is the only factor to be considered for the time computation." (Pet. Ex. 3(B).)

Given the record of correspondence, it is clear that Almond knew of his injury and knew who caused it as early as August 1999, but certainly no later than January 7, 2003. Therefore, the latest date on which Almond's claim could have accrued, and the statute of limitations would have begun to run, was January 7, 2003. Virginia's statute of limitations bars any § 1983 action filed by Almond after January 7, 2005. Va. Code Ann. § 8.01-243(A). Because Almond filed this action on March 3, 2008, his attempt falls more than three years outside the statute of limitations. Almond's failure to file his claim timely precludes this Court from considering its merits.

### B. Defendant's Alternative Theory

As an alternative basis for dismissal, Defendant argues that "Almond is clearly challenging the duration of his confinement and is seeking a speedier release (and parole eligibility). If his claim is cognizable at all, it is only cognizable as a Petition for Writ of Habeas Corpus." (Respt.'s Br. Supp. Mot. Dismiss 6.) This Court will address this argument to foreclose the suggestion that use of Virginia's statute of limitations for general personal injury claims should not have occurred here.

This Court reads Almond's petition as a request for parole eligibility, not as a challenge to his confinement or request for an earlier release. Almond appropriately brought his claim under § 1983 for two reasons. First, claims that do not imply the invalidity of a conviction may be brought under § 1983, *Heck v. Humphrey*, 512 U.S. 477, 487 (1994); and, second, pursuit of parole eligibility does not imply the invalidity of a sentence. *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005).

Defendant's analysis rests on application of the holding in *Heck*. *See Heck*, 512 U.S. at 477. In *Heck*, the Supreme Court of the United States "emphasized that civil tort actions are simply 'not appropriate vehicles for challenging the validity of outstanding criminal judgments.'" *Harvey v. Horan*, 278 F.3d 370, 374-75 (4th Cir. 2002) (*quoting Heck*, 512 U.S. at 486). The Supreme Court explained that permitting civil actions to be used "for that purpose would undercut the long-standing concern not to undermine the finality of criminal convictions through civil suits." *Id.* at 375 (*citing Heck*, 512 U.S. at 484-86). The Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck*, 512 U.S. at 486-87 (internal footnote omitted). The Supreme Court then required that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

9

Under *Heck*, a court must first ask whether plaintiff's claims necessarily imply the invalidity of his current sentence. *Heck*, 512 U.S. at 487. Plaintiff seeks a reshuffling of his sentence credits so that he is parole *eligible* for some of his offenses. Because mere *eligibility* for parole would not necessarily imply either invalidity of his sentence or effect his immediate release, *Heck* does not control this complaint.

The analysis undergone in *Wilkinson* provides further insight. *Wilkinson*, 544 U.S. at 79. In *Wilkinson*, the Supreme Court permitted action under § 1983 so long as it did not challenge the "'fact or duration of . . . confinement'" or pursue either "'immediate release from prison' or the 'shortening' of" a sentence. *Id.* (*quoting Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973)). In *Wilkinson*, plaintiffs sought relief under § 1983 from state procedures used to deny parole eligibility or suitability. Because success in *Wilkinson* "mean[t] at most new eligibility review, which at most will speed *consideration* of a new parole application," or the right to a new hearing, the Supreme Court determined that the complaint did not question the validity of the conviction nor compel "speedier release." *Id.* at 82. Thus, The Court found the claim cognizable under § 1983, not in habeas review. *Id.*

Like the plaintiffs in *Wilkinson*, Plaintiff seeks parole eligibility for some of his charges. As in *Wilkinson*, this Court could not make a parole release determination. It could, at most, send Almond's claim back for consideration of parole eligibility by another entity. This decision would not imply the invalidity of his sentence, nor would it effect speedier release. Therefore Plaintiff brings this case appropriately under § 1983, albeit outside of the applicable statute of limitations.

## VI. Conclusion

For the foregoing reason, the Court will grant Defendant's motion to dismiss. (Docket No. 11.) The action will be DISMISSED.

An appropriate Order shall issue.

/s/ [signature]<br>
M. Hannah Lauck<br>
United States Magistrate Judge

Richmond, Virginia
Date: 8-5-09